UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CR-00003-F
No. 2:13-CV-00065-F

**Desmond Bertram White**,

                 Petitioner,

v.

**United States of America**,

                 Respondent.

**Memorandum & Recommendation**

Petitioner Desmond Bertram White, proceeding under 28 U.S.C. § 2255, seeks to vacate the 210 month sentence of imprisonment imposed in connection with his guilty plea to one count of conspiracy to distribute and possession with the intent to distribute 280 grams or more of cocaine base and one count of money laundering ("Motion to Vacate"). White argues that he is entitled to relief because he is actually innocent of prior offenses that were used in the calculation of his criminal history category. The Government responds that White is not entitled to relief because his motion was premature, he waived the ability to collaterally attack his sentence as part of his plea agreement, and he failed to state a cognizable claim for relief.

After reviewing the docket and the arguments of the parties, it appears that White is not entitled to the relief he seeks because he waived his right to collaterally attack his sentence in his plea agreement and he failed to state a cognizable claim for relief. Therefore, the undersigned recommends[1] that the court deny White's Motion to Vacate (D.E. 47) and grant the Government's Motion to Dismiss (D.E. 54).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.      Background**

In April 2013, White entered a guilty plea, pursuant to a written plea agreement, to two charges: (1) conspiracy to distribute and possession with the intent to distribute 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 842 and 846, ("Count One") and (2) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) ("Count Two"). Prior to his sentencing hearing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR") that calculated White's criminal history score and criminal history category. Using White's prior convictions, Probation gave White a criminal history score of eight and a criminal history category of IV. PSR ¶¶ 27, 29, D.E. 26. His guideline imprisonment range was 235 months to 293 months of imprisonment. *Id.* ¶ 63. The court entered a judgment on August 6, 2013, requiring White to serve two concurrent terms of 210 months in prison. D.E. 34. White initially appealed his sentence but subsequently sought and received permission to voluntarily dismiss his appeal. D.E. 36, 57. On November 12, 2013, White filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss. D.E. 47, 54.

**II.     Analysis**

    **A.  Legal Standard**

In order to prevail on his Motion to Vacate, White must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. *Id.* § 2255(b). However, the petitioner must ultimately

establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Ashcroft*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-

3

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B. Timeliness

The Government argues that White's Motion to Vacate is premature because he filed the motion while his direct appeal was pending with the Fourth Circuit Court of Appeals. However, the Fourth Circuit Court of Appeals dismissed the appeal at White's request while this matter was pending. D.E. 58. A Section 2255 claim filed while a direct appeal is pending with the court of appeals becomes ripe for disposition after the court issues its decision on the direct appeal. *Walker v. Connor*, 72 F. App'x. 3, 4 (4th Cir. 2003) (per curiam). Therefore, White's Motion is ripe for disposition.

### C. Waiver of Right to Collaterally Attack Conviction or Sentence

The Government contends that White's claim should be dismissed because his plea agreement contained a waiver of his right to collaterally attack his sentence, except in limited situations that are not applicable in this case. White does not refute this assertion in his filings. After reviewing the terms of the plea agreement, the court determines that the Government is correct in its contention that White waived the rights to present the claims in his petition.

A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Typically, a petitioner will respond in one of two ways when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily, or (2) the issues raised in the petition do not fall within the scope of the waiver. *Id.* at 220 & n.2. Resolving disputes over the validity and scope

4

of a Section 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties, transcripts from the petitioner's plea hearing and sentencing, and the nature of the claims advanced in support of the petitioner's claim for relief. The court will begin by determining whether White knowingly and voluntarily waived his right to collaterally attack his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

The plea agreement, which White signed, contained a provision regarding waiver of his right to collaterally attack his conviction and sentence. Mem. Plea Agrmt. 1, D.E. 25. Specifically, White agreed to give up "any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255 …." *Id.* Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" White at the time of his plea were spared from this blanket waiver. *Id.*

The record indicates that White's waiver was knowing and voluntary. Generally, a waiver is valid "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Here, as part of the Rule 11 colloquy, the district court specifically asked whether White understood that his plea agreement waived his right to collaterally attack his sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of the Rule 11 colloquy. Arraignment Hr. Tr. 27:25–28:7, D.E. 46. White answered affirmatively. *Id.* at 28:8. Additionally, in his sentencing hearing, the court informed White that he waived some or all of his rights to appeal his sentence as part of his plea agreement. Sentencing Hr. Tr. 10:20–11: 7, D.E. 45.

The record also indicates that White's claims are encompassed in the terms of the waiver. A claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. *United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013). Therefore, the court must give effect to the terms of the agreement reached between White and the Government by determining that he has waived his right to pursue the relief sought in the Motion to Vacate. As White has waived his right to pursue relief under Section 2255, his Motion to Vacate should be dismissed and the Government's Motion to Dismiss should be granted.

### D. Calculation of Criminal History Category

White argues that he is entitled to relief because the court improperly calculated his criminal history category in violation of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[2] Specifically, White argues that in light of *Simmons*, he is "innocent" of several offenses that were used to calculate his criminal history category for sentencing purposes. Mem. in Supp. of § 2255 Mot. at 5–6, D.E. 47-1. The Government contends that White's argument is not cognizable on collateral attack because he simply challenges the calculation of his sentencing guideline range. The court concludes that the Government is correct in its assertion that White did not state a cognizable claim under § 2255.

Other than referring to the *Simmons* decision, White does not explain how or why he is innocent of the prior offenses listed in his PSR. Instead, a review of the PSR demonstrates that he pled guilty to each offense. PSR ¶¶ 11–25, D.E. 26. In the absence of any evidence or argument that he is actually innocent of the prior offenses, the court will presume White means

---

[2] White argues that *Simmons* applies retroactively to cases on collateral review. The Fourth Circuit Court of Appeals agreed with this assertion in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013).

6

that the offenses should not have been included in the calculation of his criminal history score because the offenses do not qualify as felony offenses after *Simmons*. A petitioner may not challenge an alleged error in the district court's calculation of advisory guidelines under § 2255 unless the error amounts to "miscarriages of justice." *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999); *see also United States v. Pregent*, 190 F.3d 278, 283–84 (4th Cir. 1999). However, "misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice. *Mikalajunas*, 186 F.3d at 495–96. Instead, § 2255 only provides relief "in cases in which 'the sentence was in excess of the maximum authorized by law.'" *Pregent*, 190 F.3d at 284.

In this case, the maximum sentence of imprisonment allowed by law for Count 1 is life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 846, and the maximum sentence of imprisonment allowed by law for Count 2 is 20 years, 18 U.S.C. § 1956(a)(1)(B)(i). The court sentenced White to 210 months—or 17 years and 6 months—for each count, and the terms were to run concurrently. D.E. 34. This sentence is well within the statutory range established by Congress. Therefore, White's Motion to Vacate should be dismissed because his claim is not cognizable under § 2255.

**III.     Conclusion**

For the foregoing reasons, the undersigned recommends that the court deny White's Motion to Vacate (D.E. 47) and grant the Government's Motion to Dismiss (D.E. 54).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the

Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: October 9, 2015

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE